IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TIMOTHY JORDAN and
AMMIE JORDAN,

      Plaintiffs,

v.            CIVIL ACTION NO. 3:04-0392

BABCOCK & WILCOX CONSTRUCTION CO., INC.,
a Delaware corporation, A.V.S. SERVICES, INC.,
a Texan Corporation and JOHN DOE, unknown Entity or Entities,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Defendant Babcock & Wilcox Construction Co., Inc.'s Motion for Summary Judgment on Claims of Ammie Jordan. For the reasons set forth herein, the motion is **GRANTED.**

**A. Factual Allegations and Procedural Background**

  This case arises out of injuries sustained by Timothy Jordan as the result of a workplace accident on February 21, 2002. Mr. Jordan, an employee of Babcock & Wilcox Construction Co., Inc. (Babcock), was spooling the boom cable on the drum of a Manitowoc 21000 crane when a metal box welded to the outside of the drum caught his foot and pinched it into the crane. As a result of the accident, two of Mr. Jordan's toes on his right foot required amputation. Mr. Jordan has brought claims against his employer Babcock, AVS Services, Inc. (AVS) (the company who leased the crane

to Babcock), and The Manitowoc Co. (the manufacturers of the crane)[1]. Additionally, Ammie Jordan, Mr. Jordan's wife, brings a claim for loss of consortium.

Defendant Babcock has moved for summary judgment on the claims of Ammie Jordan. Defendant Babcock asserts that because Ms. Jordan was not married to Mr. Jordan at the time of the accident, under West Virginia law, she is unable to maintain a claim for loss of consortium.

**B. Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving

---

[1] Plaintiffs have settled the claims against The Manitowoc Co.

party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

Before addressing the substantive arguments in Defendant Babcock's summary judgment motion, the Court must determine what law to apply to this dispute. Defendants removed this case to federal court because there is diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332 and 1441(a). The Court therefore must apply the choice of law rules of West Virginia, the state in which this Court sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496 (1941).

## C. Analysis

Under West Virginia law consortium is defined as, "a right arising from the marital union, to have performance by a spouse of all the duties and obligations assumed by the marriage relationship, including the right to society, companionship, and services." *King v. Bittinger*, 231 S.E.2d 239, 243-44 (W.Va. 1976); *see also Polling v. Motorist Mutual Ins. Co.*, 450 S.E.2d 635, 638 (W.Va. 1994). The West Virginia Supreme Court of Appeals has further held that a spouse cannot maintain an action for loss of consortium arising out of an injury occurring before the couple was married. *See Booth v. Baltimore & O.R. Co.*, 87 S.E. 84 (W.Va. 1915); *see also* 5 A.L.R.4th 300, §1. The West Virginia Supreme Court of Appeals, in stating that a husband could not maintain a claim to recover any loss suffered from injury that occurred prior to marriage, explained, "[a]s he married her with knowledge of the injury, he cannot complain of the impaired physical condition due to the wrong done to her prior to the assumption of that relation, whatever the ensuing disabilities may be." *Id.*

Mr. Jordan was injured on February 21, 2002. He was not married to Ammie Jordan at the time of the accident. Plaintiffs urge the Court to adopt a more expansive definition of loss of consortium and consider the relationship of the plaintiffs prior to the accident. However, this Court must apply the law of West Virginia as it currently exists. Therefore, because West Virginia does not recognize a claim of loss of consortium arising out of injury that occurred prior to marriage, as a matter of law Plaintiff Ammie Jordan cannot maintain her claim for loss of consortium. Defendant Babcock's Motion for Summary Judgment on Claims of Ammie Jordan is **GRANTED**. The Court **DISMISSES** the loss of consortium claim of Ammie Jordan with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: July 13, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE